REDMANN, Judge
(concurring in part, dissenting in part).
A juvenile who uses without permission his father’s automobile, or tools, or hairbrush cannot, in my opinion, be held to have committed “unauthorized use of a movable”, no matter how squarely his action comes within the words of the statute defining the crime, LSA-R.S. 14:68.
What boy has not used his father’s tools without permission? Or his pocket knife, or comb, or pen, or some other object which may attract a youngster’s attention enough to disobey a parental injunction? Or what boy has not ridden his brother’s bike against brother’s wishes ? Are all boys juvenile criminals?
Appellant should under no circumstances have a juvenile record of unauthorized use of a movable, which in the future will mean to all the world he “stole” some stranger’s car to joyride. Society is rightly offended by and needs protection against strangers unauthorizedly using movables: but no such offense nor need for protection is due because of the natural actions of youngsters who consider the family’s goods “ours” and might use without permission a tool or even an automobile.
Our statute should not be interpreted to proscribe the unauthorized use by a juvenile of the movables of his immediate family. If it had to be so interpreted, the statute would have to be declared invalid as whimsy, violative of the due process clause, La. Const, art. 1 § 2, and a denial of justice without impartiality, La.Const. art. 1 § 6, to the occasional child whose parent would complain to the court of, or even simply admit on the complaint of the police, the lack of permission.
Our law does provide a way to treat the incorrigible juvenile who persists in taking the family car without permission. LSA-R.S. 13:1570, subd. A(3) gives the juvenile court jurisdiction in proceedings concerning a child “ * * * who is habitually disobedient or beyond the control of his parent or other custodian.” But there is no showing here of habitual disobedience, nor of uncontrollability, which was not the charge, anyway.
Even so, a juvenile record of delinquency by reason of habitual disobedience would be much more tolerable constitutionally than one of delinquency by reason of “unauthorized use of a movable”.
*702 Since there is no way appellant can be adjudicated delinquent on the grounds recited, the matter should not be remanded. Instead, the adjudication of delinquency on the grounds stated should be annulled, appellant discharged, and the petition of the State in the interest of appellant should be dismissed.